**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANNY LEE WARNER, JR,** | ) | **CASE NO.    1:24-CV-1113** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **WARDEN HAROLD MAY,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is *pro se* Petitioner's Motion to Alter or Amend Order and for Relief

from Judgment.  (ECF #8.)  Petitioner argues that the Court erred when it dismissed his Petition

under 28 U.S.C. § 2254 for a writ of habeas corpus.  (ECF #7.)  Petitioner is serving a fifty-year

sentence pursuant to a Montana state jury conviction for Robbery and Use of a Weapon During

the Commission of a Robbery with a Persistent Felony Offender enhancement.  (ECF #1-3.)  He

is currently being housed by the State of Montana in Ohio's Mansfield Correction Institution

pursuant to Interstate Corrections Compact.  (ECF #1.)

The Court dismissed the Petition for lack of jurisdiction.  (ECF #6.)  Petitioner contends

that decision was in error and that this Court has jurisdiction based on his detention in a facility

located in the Northern District of Ohio.  (ECF #8.)  In the alternative, Petitioner asks that his

Petition be transferred to an appropriate District Court.

28 U.S.C. § 2241 governs where a habeas petition may be filed and provides in part that a

writ may be granted by "the district courts and any circuit judge within their respective

1

jurisdictions." 28 U.S.C. § 2241(a).  The Supreme Court has interpreted this provision to require

jurisdiction over the petitioner's custodian, regardless of whether the petitioner is within the

court's jurisdiction.  *See Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 495, 93 S.

Ct. 1123, 1130, 35 L. Ed. 2d 443 (1973).  Section 2241 further provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Ohio is a member of the Interstate Corrections Compact, pursuant to O.R.C. § 5120.50,

which provides for agreements between Ohio and other member states to exchange and house

prisoners on a reciprocal basis.  However, Ohio's housing of Petitioner is only as an agent for the

State of Montana, who is Petitioner's "true custodian."  *See Holder v. Curley,* 749 F. Supp. 2d

644, 648 (E.D. Mich. 2010) (transferring § 2254 petition to the district of conviction after finding

a prisoner sentenced in Pennsylvania but housed in Michigan under authority of the Interstate

Corrections Compact was in the custody of Pennsylvania).  Accordingly, because Montana is

Petitioner's true custodian, jurisdiction is proper in the United States District Court for the

District of Montana.

2

Accordingly, the Court **GRANTS** Petitioner's Motion for Relief from Judgment for the purposes of reviving his habeas corpus Petition, which is ordered transferred to the District of Montana pursuant to §§ 1404(a) and 2241 and the interests of justice.

    **IT IS SO ORDERED.**

              /s  Christopher A. Boyko
              **CHRISTOPHER A. BOYKO**
              **United States District Judge**

**Dated: August 13, 2024**