IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER, | Cause No. CV 24-126-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| WARDEN HAROLD MAY, MONTANA ATTORNEY GENERAL, | |
| Respondents. | |

On June 19, 2024, state pro se petitioner Danny Lee Warner ("Warner")
filed an application under 28 U.S.C. § 2254, seeking habeas corpus relief in the
Northern District of Ohio where he is presently incarcerated. (Doc. 1 at 42.) The
matter was initially dismissed, (Doc. 6), but was subsequently transferred to this
District for consideration. (Docs. 9 & 10.) Following an initial screening of the
petition, the State was ordered to Answer. (Doc. 14.) The State complied and
Warner replied. (Docs. 20 & 26.) The matter is ripe for adjudication.

A threshold issue for the Court is whether these proceedings are time-barred
by the applicable statute of limitations. The time-bar issue is to be resolved before
considering other procedural issues or the merits of any habeas claim. *See White v.
Klitzkie*, 281 F. 3d 920, 921-22 (9th Cir. 2022). For the reasons explained herein,

1

the Court finds the petition is untimely and dismisses the action.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides that a one-year limitations period applies to petitions filed by state

prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244.  The limitation period

shall run from latest of-

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

If the judgment is appealed, then it becomes final when the Supreme Court

of the United States denies a petition for a writ of certiorari.  *Jiminez v.*

*Quarterman*, 555 U.S. 113, 119-20 (2009).  *See also*, Sup. Ct. R. 13(1).

Any time spent pursuing a properly filed application for state post-

conviction review or other collateral review does not count toward this one-year

limitation period.  28 U.S.C. §2244(d).  The period of limitation resumes when the

post-conviction judgment becomes final upon issuance of the remittitur.  *Jefferson*

*v. Budge,* 419 F. 3d 1013, 1015 n. 2 (9th Cir. 2005).  This tolling does not include

time spent in certiorari proceedings before the Supreme Court of the United States

after conclusion of state post-conviction review.  *Lawrence v. Florida*, 549 U.S.

327, 331-36 (2007).

Section 2244(d) is subject to equitable tolling.  *Holland v. Florida*, 560 U.S.

631, 645 (2010).  "[A] petitioner is entitled to equitable tolling only if he shows (1)

that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing."  *Id.* at 649, *quoting*

*Pace v. DiGuglielmo*, 544 U.S. 327, 418 (2005).

**Background**

The Montana Supreme Court summarized the state court proceedings as

follows:

> Warner was arrested on November 23, 2016, for robbing two men at
> gunpoint and charged with robbery on November 25, 2016. Warner was
> arraigned on December 8, 2016. Warner was tried in October 2017 and the
> jury returned a guilty verdict. Warner then sought a mistrial and dismissal
> asserting prosecutorial misconduct—namely, that the State listened to
> private telephone calls between Warner and his investigator while Warner
> was incarcerated on a pretrial basis. In response, as an officer of the court,
> the prosecutor advised, "[c]ounsel for the State has never listened to
> conversation between the Defendant and an attorney or investigator. Counsel
> for the State has never attempted to listen to a conversation between the
> Defendant and an attorney or investigator." The District Court denied the
> motion. Warner was sentenced as a PFO to 50 years at the Montana State
> Prison, with a 35-year parole restriction. Warner appealed his renewed
> speedy trial motion which "intermingle[d] arguments alleging ineffective
> assistance of counsel, discovery violations, oppressive incarceration,
> involuntary commitment, with alleged speedy trial violations-many of which
> were made in his first motion to dismiss." *State v. Warner*, No. DA 18-0046,
> 2020 MT 93N, ¶ 15, 2020 Mont. LEXIS 1161, 2020 WL 1921716 (*Warner*

*I*). He also challenged witness Dustin McGibony's in-court identification; the District Court's refusal to give an eyewitness instruction; argued his psychiatric evaluation at MSH was a privileged communication and its disclosure by MSH and use by the District Court at sentencing was unauthorized; the State's purported use of jail phone calls between Warner and his investigator; the District Court's refusal to send exhibits to the jury; prosecutor misconduct for remarks at sentencing; and cumulative error. This Court addressed these challenges, found no error, and affirmed denial of Warner's request for a new trial or resentencing. *See Warner I*, ¶¶ 18-26. On October 5, 2020, the United States Supreme Court denied Warner's certiorari petition.

*Warner v. State,* 2023 MT 122N, ¶4, 530 P.3d 848 (Mont. 2023), *cert. denied*, 144 S. Ct. 1366 (2024).

On June 24, 2021, Warner filed a petition for postconviction relief.  *See*, (Doc. 20-96 at 6.)[1]  There he challenged the constitutionality of two state statutes, alleged ineffective assistance of both trial and appellate counsel, claimed he was denied the right of self-representation, alleged prosecutorial misconduct, asserted judicial error, and argued that cumulative error had occurred.  *See generally*, (*Id.*)

In its order denying relief, the district court found Warner's claims to be "repetitive, frivolous and baseless in their entirety.  Constitutionality claims should have been addressed on appeal, not in a PCR proceeding."  (Doc. 20-99 at 2.) Relative to the ineffective assistance of counsel claims, the district court observed that none of the three attorneys with which he took issue, each known to the court

---

[1] Generally, a prisoner's document is deemed filed at the time it is delivered to prison authorities for filing with the court clerk, *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

to be "reasonable, competent, and hard-working lawyers," would have been acceptable to Warner under any circumstances. "Rather than following advice and picking his battles, Warner insisted on a scatter-shot approach and upon going down rabbit holes that were uniformly frivolous and sometimes self-destructive. When counsel attempted to re-direct Warner to more potentially beneficial defenses, his reaction was to fire them, sue them, accuse them of being ineffective." (*Id*. at 2.) The court noted that Warner was allowed to ultimately represent himself, despite warnings from the Court against doing so. Accordingly, his claim that he was denied the right to self-representation was patently false and Warner virtually represented himself throughout the lower-court proceedings and the jury trial. (*Id*. at 3.) The court also observed that Warner had asked for a psychological evaluation and that issue, along with the claims of judicial error, cumulative error, and prosecutorial misconduct were all addressed on direct appeal. (*Id*.) The court noted that Warner's sentence was neither illegal nor unconstitutional. The petition was denied.

On appeal, Warner raised eight general issues. The Montana Supreme Court agreed with the district court that with the exception of Warner's IAC claims, all remaining claims were procedurally barred from review as they either were raised, or could have been raised, on direct appeal. Thus, the Court would not consider them. *Warner,* 2023 MT 122N, ¶7.

As to Warner's initial counsel, William Managhan, the Court determined that even if he had performed deficiently, Warner could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Managhan was replaced with conflict counsel and Warner subsequently refused to accept the assistance of conflict counsel and elected to represent himself. Thus, Warner could not establish how Manahan's purported lack of contact prejudiced him. *Warner,* 2023 MT 122N, ¶11. Also, even after Manahan's representation concluding, Warner maintained the services of an investigator from the Office of the Public Defender. Warner's mere speculation that the investigator should have acted sooner in his attempts to obtain video surveillance footage, was insufficient to show how the outcome of his case would have been different. *Id*. at ¶12. The Court noted that Manahan also filed several motions on Warner's behalf prior to being replaced. *Id.*

Similarly, Warner failed to show that appellate counsel's performance fell below an objective standard of reasonableness. Appellate counsel filed an affidavit in which he stated he refused to present certain issues on appeal as he believed them to be frivolous. *Id*. at ¶13. Warner failed to provide any analysis showing that had the claims been raised on appeal, he would have prevailed. In short, Warner failed to meet his "heavy burden" to reverse the lower court's denial of the PCR petition. *Id*. at ¶14.

On July 12, 2023, Warner petitioner for rehearing. The request was denied,

and the Montana Supreme Court issued the remittitur on August 22, 2023.  *See*, *Warner v. State*, DA 22-0189, Or. (Mont. Aug. 22, 2023).  On November 17, 2023, Warner filed a petition for writ of certiorari.  On April 15, 2024, the petition was denied.  *See, Warner v. Montana*, No. 23-6838, Or. (April 15, 2024).

On June 14, 2024, Warner filed his §2254 petition in the Northern District of Idaho.  (Doc. 1.)  The matter was ultimately transferred to this District.  (Docs. 9 & 10.)

### Timeliness of Federal Filing

As set forth above, on October 5, 2020, the United States Supreme Court denied Warner's certiorari petition filed after conclusion of direct review.  Thus, his judgment became final on that day.  28 U.S.C. § 2244(d)(1)(A).

On June 24, 2021, Warner filed his petition for postconviction relief. Between Warner's judgment becoming final and the filing of his PCR petition, 261 days had elapsed on his federal filing time clock.  The filing of the PCR petition tolled the statute of limitations.  Thus, at the time of filing his PCR petition, Warner had 104 days remaining on his federal filing clock.  The state district court denied Warner's petition; he timely appealed.  The Montana Supreme Court affirmed the denial of his postconviction petition and remittitur issued on August 22, 2023.  Accordingly, when Warner's federal filing clock re-initiated, he should have filed in this Court on or before Tuesday, December 5, 2023.  But he did not

file his federal habeas petition until June 14, 2024, more than 6 months too late.

In his initial filing, Warner asserted his federal petition was timely under 28 U.S.C. §2244(d), because he timely filed his direct appeal and petition for PCR relief, "then sought certiorari from the U.S. Supreme Court for both." (Doc. 1 at 2.) But unfortunately for Warner he is mistaken. While he was entitled to tolling while pursuing relief in the United States Supreme Court following direct review, time spent on a certiorari petition after state post-conviction proceedings concluded does not qualify for tolling. *Lawrence*, 549 U.S. at 336.

### Analysis

In his reply, Warner suggests that he is entitled to both statutory tolling and equitable tolling. Each will be addressed in turn.

### i.    Statutory Tolling

As set forth above, the 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and

the filing of a petition for post-conviction relief in the state court because no state court proceeding is pending during that time. *Nino v. Glaza*, 183 F. 3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F. 3d 1150, 1153 n. 1 (9th Cir. 2006). Nonetheless, Warner believes he is entitled to tolling.

Warner first argues that his limitations period should not run from the date his conviction became final under § 2244(d)(1)(A), but instead that he is entitled to a delayed start date of June 21, 2021, because that was the date that he became aware that the United States Supreme Court had denied his petition for writ of certiorari. (Doc. 26 at 10.) Thus, he believes under either § 2244(d)(1)(B) or (D), the delay in learning about the decision, coupled with the purported denial of access to his legal materials, constituted either an impediment created by unconstitutional state action under subsection § 2244(d)(1)(B), or that it was not until June 21, 2021, that he discovered the factual predicate underlying his claim, pursuant to § 2244(d)(1)(D). In either case, Warner suggests that his limitations timeclock should not start until June 21, 2021.

But there are problems with Warner's position. According to the United States Supreme Court website, Warner's contact information was listed as an address in Terra Haute, Indiana.[2] Thus, there is no indication that the decision

---

[2] See SCOTUS docket:
https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-5010.html

denying his certiorari petition would have been sent to Montana. Moreover, Warner could have accessed the Supreme Court's website at any time between October 5, 2020, and June of 2021. His failure to do so is not indicative of acting in a reasonably diligent manner. Incidentally, this appears to have been the analysis which Warner agreed with when he filed his initial petition. There is no mention of a delay in learning of the denial of his certiorari petition in his filing before this Court. It was not until his reply that Warner raised the issue. It appears that Warner realized he had miscalculated his federal filing deadline and now attempts to excuse the miscalculation. But Warner's error does not entitled him to statutory tolling, nor did it create an impediment under § 2244(d)(1)(B). Thus, he is not entitled to a delayed start in the calculation of the limitation period.

Moreover, Warner's argument that he could not have discovered the factual predicate underlying his claims is not persuasive. As set forth above, Warner essentially reasserted the same claims in his PCR petition that he had raised on direct appeal, with the exception of his IAC claims. He states that he did not have access to his state materials from his trial, but he was able to file his state postconviction petition without possession of these same items. And as set forth below, despite his claim now, Warner previously indicated to this Court that he had access to Montana state law while he was incarcerated in Indiana during the time

period at issue.  Moreover, Warner presented the same issues before this Court that he had raised in his state PCR petition and appeal.  Because all of the issues raised in his untimely federal petition were raised in his prior timely filed state petition and appeal therefrom, Warner's inability to obtain his state court materials did not cause the untimeliness of his federal petition.  *See e.g., Ford v. Pliler*, 590 F. 3d 782, 790 (9th Cir. 2009); *Bryant v. Ariz. Atty. Gen.,* 499 F. 3d 1056. 1061 (9th Cir. 2007).  Or put another way, Warner clearly knew of the factual predicate of his claims in 2021 when he presented his PCR petition to the state courts.  Thus, his argument for statutory tolling under § 2244(d)(1)(D) fails.

### ii.    Equitable Tolling

In support of his claim of equitable tolling, Warner claims that he was completely deprived of access to the courts upon his transfer to Indiana and that the transfer occurred in the midst of COVID-19 lockdowns.  (Doc. 26 at 10-11.) Warner states that while in Indiana, he did not have access to Montana state law or rules and that he had "no access to a law library between October 5, 2020 and June 21, 2021, even if Montana caselaw and State statutes had been made available." (Id. at 13.)

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling is appropriate when a petitioner shows "(1) that

11

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.  Both elements must be met.  *Id.*; *see also Pace v DiGuglielmo*, 544 U.S. 408, 418 (2005).  "The petitioner must show 'that extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  *Porter v. Ollison*, 620 F. 3d 952, 959 (9th Cir. 2010)(*quoting Ramirez v. Yates*, 571 F. 3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F. 3d 1063, 1066 (9th Cir. 2002).

"To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirements that extraordinary circumstances stood in [petitioner's] way suggests that an external force must cause the untimeliness, rather than…merely oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling."  *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1011 (9th Cir. 2009)(quotation omitted); *accord Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Cir. 1999)("equitable tolling is unavailable in most cases").

To meet the diligence requirement for equitable tolling, the petitioner must show that "he has been reasonably diligent in pursuing his rights not only while an

12

impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F. 3d 582, 598-99 (9th Cir. 2020)(en banc).  Diligence is a separate inquiry from the extraordinary circumstance inquiry and "covers those affairs within the litigant's control."  *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256 (2016).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653.

To meet the second causation prong requirement, a petitioner must establish not only the existence of an extraordinary circumstance but also that it was, in fact, the cause of the untimely filing of the federal habeas petition.  *See Spitsyn v. Moore*, 345 F. 3d 796, 799 (9th Cir. 2003); *see also Bryant v. Arizona Att. Gen.*, 499 F. 3d 1056, 1061 (9th Cir. 2007)(a petitioner must show that the claimed extraordinary circumstances were the cause of his untimeliness).  "[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."  *Davis*, 953 F. 3d at 600.

Warner would have this Court believe that his "complete" lack of access to a law library due to COVID-19 lockdowns constituted an extraordinary circumstance that entitles him to equitable tolling from October 5, 2020 to June 21, 2021.  *See*

*e.g.,* (Doc. 26 at 13.)  The Court notes that the pandemic limitations did not prevent Warner from filing in his civil rights cases pending before this Court during this same time period.  *See e.g., Warner v. Stefalo et al*., Cause No. 19-CV-03-H-BMM; *see also, Warner v. State of Montana et al*., Cause No. 19-CV-103-M-DLC.  Similarly, other courts have found, without more, general claims of COVID-19 lockdowns and delays do not toll the statute of limitations.  *See e.g., Davis v. Madden*, No. 22CV0951-LL-MDD, 2023 WL 2087969, at *12 (S.D. Cal. Feb. 17, 2023), *report and recommendation adopted*, No. 22CV951-LL-DDL, 2023 WL 3818358 (S.D. Cal. June 5, 2023)(collecting cases).

Moreover, specific to filings made in this Court during the relevant time period, the Undersigned takes notice that Warner now contradicts his own prior representations. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).  For example*, in Warner v. Stefalo et al*., Warner advised the Court that although he was on a "modified lockdown" schedule, he was able to go to the law library/education center for an hour and a half every two weeks.  *See*, Cause No. 19-CV-03-H-BMM, Obj. (Doc. 113 at 3)(filed March 1, 2021).  Warner stated there that he had been to the law library on February 9, 2021, February 23, 2021, and planned to go again on March 9, 2021.  (*Id*.)  In *Warner v. State of Montana et*

*al*., Warner also informed the Court that he is allowed to go to the law library every two weeks to work on his legal documents. He also stated that he **was** able to research state law claims, contrary to what he claims now. Cause No. 19-CV-103-M-DLC, Declaration of Warner (Doc. 80-1 at 1)(filed Feb. 23, 2021).

Thus, to the extent that Warner's limited access to the law library, which was not, in fact, a complete denial of access, may have constituted an extraordinary circumstance, these conditions did not make it impossible from filing in this Court on time. *See Spitsyn*, 345 F. 3d at 799. Warner does not provide an adequate basis that would support equitable tolling for the days that elapsed between the denial of his certiorari petition and the filing of his state postconviction petition. Nor did Warner act diligently in following the progress of his first certiorari petition before the Supreme Court.

Although Warner timely filed his state postconviction petition, he failed to timely file his §2254 petition this Court, instead electing to file a second petition for writ of certiorari. It appears he mistakenly believed he was entitled to tolling during this period. Such miscalculation is insufficient for equitable tolling. *See e.g., Lawrence*, 549 U.S. at 336-37. Also, the fact that Warner was proceeding pro se is not considered an exceptional circumstance for tolling purposes. *See, Robinson v. Kramer*, 588 F. 3d 1212, 1217 (9th Cir. 2009). Thus, Warner has not established equitable tolling should apply during any of the relevant time periods

that would excuse his untimely filing in this Court. Warner has not demonstrated a causal relationship between the purportedly extraordinary circumstances and the lateness of his federal filing. In short, Warner's petition is time-barred without excuse and will be dismissed with prejudice.

Respondents present additional arguments aside from untimeliness. They contend that four of Warner's claims are procedurally barred and that the Montana Supreme Court reasonably denied Warner's remaining claims, entitling those rulings to deference. *See*, (Doc. 20 at 56-96.) The Court will not address these arguments because the entire matter is being dismissed as untimely.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court

16

was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Warner has not made a substantial showing that he was deprived of a constitutional right. Moreover, jurists of reason would not find it debatable that is petition is untimely. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Warner's Petition (Doc. 1) is DISMISSED with prejudice as time barred.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

4. All other pending motions are DENIED as moot.

DATED this 20th day of October, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge