IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANNY LEE WARNER,<br><br>  Petitioner,<br><br>vs.<br><br>WARDEN HAROLD MAY,<br> MONTANA ATTORNEY GENERAL,<br><br>  Respondents. | CV 24-126-M-DLC<br><br><br>ORDER |

Petitioner Danny Lee Warner ("Warner") filed an application under 28 U.S.C. §2254, seeking habeas corpus relief. Upon receiving an Answer from the State and Warner's reply, (Docs. 20 & 26), the matter was dismissed as untimely. *See generally*, (Doc. 32.) Warner filed a notice of appeal. (Doc. 34.) He also filed a motion to set aside the judgment and/or vacate pursuant to Federal Rules of Civil Procedure 59(e) and 60. (Doc. 36.)

Warner first suggests that under Rule 60 this Court erred by dismissing his petition without notice or an opportunity to respond. (Doc. 36 at 1.) Warner is mistaken. In its Answer, the Respondents raised the issue of timeliness. *See*, (Doc. 20 at 55-56.) Warner responded to the statute of limitations argument and asserted he should be entitled to equitable tolling. (Doc. 26 at 9-14.) The Court considered both parties positions and ultimately determined that the filing was

1

untimely. (Doc. 32 at 7-16.) Thus, Warner's argument that the he is entitled to reconsideration under Rule 60 based upon this Court's mistake in dismissing his petition without giving him an opportunity to respond is without merit. There was no due process violation and there is no other reason that justifies relief under the Rule 60.

In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.,* 242 F. 3d 1163, 1166 (9th Cir. 2001). This rule is not absolute. The filing of one of the motions referenced in Federal Rule of Appellate Procedure 4 renders a notice of appeal ineffective pending disposition of such motion. *See* Fed. R. App P. 4(a)(4)(A). A Rule 59 motion to alter or amend the judgment is included within the motions that render the notice of appeal ineffective. Fed. R. App P. 4(a)(4)(A)(iv), (vi).

Rule 59(e) provides a mechanism by which a trial judge may alter, amend, or vacate a judgment. *See Foman v. Davis*, 371 U.S. 178 (1962). Under Rule 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F. 3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc)(per curiam)(internal quotation marks omitted)." "A rule

59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (citation and quotation marks omitted). A litigant may not use Rule 59(e) "to relitigate old matters or to raise arguments…that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

The showing required under Rule 59(e) is difficult to meet. Such a motion requires "a substantive change of mind" by the Court. *Miller v. Transamerican Press, Inc.*, 709 F. 2d 524, 527 (9th Cir. 1983). Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F. 3d 772, 780 (9th Cir. 2009)(citation omitted); *see also 389 Orange Street Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999); *McDowell*, 197 F. 3d at 1255. The requirement of such a showing is a "high hurdle." *Weeks v. Bayer*, 246 F. 3d 1231, 1236 (9th Cir. 2001).

Warner has not met the high bar to warrant alteration or amendment in the present matter. Warner largely repeats his claims relating to the start date of his

limitations period and the equitable tolling arguments he previously presented. This Court considered and rejected the same arguments and explained the reasoning for doing so. *See*, (Doc. 32 at 8-16.) While the Court understands that Warner disagrees with the determination, he has not presented newly discovered evidence, nor has he demonstrated that there has been a recent change in controlling law that would support his position under Rule 59(e). Put another way, nothing Warner presents in his motion gives the Court pause or has caused a "substantive change of mind" relative to the prior order. *McDowell*, 197 F. 3d at 1255.

While Warner disagrees with this Court's finding that his §2254 petition was untimely, such disagreement does not demonstrate clear error or that the Court's ruling was manifestly unjust. *Id*. Rule 59(e) is not a vehicle for unsuccessful claims to be considered anew and Warner has not provided one of the permissible grounds to support his motion. Accordingly, this Court declines to alter or amend its previous ruling.

Morrison's motion to set aside the judgment (Doc. 36) is DENIED.

DATED this 15th day of December, 2025.

>*/s/ Dana L. Christensen*
>Dana L. Christensen
>United States District Court